**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **BERNARD ROGERS**, <br><br> Plaintiff, <br><br> **v.** <br><br> **ROAD TRAFFIC DIVISION, LLC, a Florida Limited Liability Company and MAYTE SU-LANZA, Individually,** <br><br> Defendants. | **Case No.** <br><br> **Complaint & Jury Demand** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BERNARD ROGERS, ("Plaintiff"), by and through the undersigned attorney sues the Defendants, ROAD TRAFFIC DIVISION, LLC, a Florida Limited Liability Company ("Road Traffic"), and MAYTE SU-LANZA, Individually ("Su-Lanza"), (collectively "Defendants"), and in support thereof states as follows:

**Introduction**

1.      This is an action brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981") for racial discrimination, hostile work environment based on race, and termination and seeks to recover front pay, back pay, compensatory damages, damages for mental anguish and emotional distress, pain and suffering, punitive damages, injunctive relief, equitable relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled.

Additionally, this is an action for unpaid wages and unpaid overtime wages. Defendants violated Florida law by failing to pay Plaintiff the proper minimum wage

for all hours worked and/or his agreed upon wages. Further, Plaintiff has been denied overtime wages to which he was entitled to by law and now seeks to hold Defendants accountable. Defendants willfully violated the FLSA by denying Plaintiff overtime wages. Discovery in this case will reveal that Defendants denied Plaintiff overtime wages as required by the FLSA and willfully and maliciously circumvented the statute. For Defendants' violations, Plaintiff now seeks redress, including unpaid overtime wages, liquidated damages, attorneys' fees and costs, and all other applicable relief under the FLSA owed at any time during the two and/or three year period preceding the filing of this Complaint, up to the present, as well as damages owed to Plaintiff as the result of Defendants' retaliatory conduct.

### Jurisdiction and Venue:

2.      The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions.

3.      This Court has jurisdiction over this controversy pursuant to 28 U.S.C. §1331 (federal question), as these claims arise under 29 U.S.C. §216(b), §215(a)(3), and Section 1981.

4.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional and equal amount of liquidated damages, damages for retaliation, and reasonable attorneys' fees and costs.

5.      Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this

District.

6.      Pursuant to 28 U.S.C. §1367, The Court has jurisdiction over Plaintiff's claims arising under the Florida Constitution Art. X § 24, and Florida law, 28 U.S.C. §1367, because at all times material to this Complaint, Plaintiff worked for Defendant in Hillsborough County, Florida.

7.      Defendant, Road Traffic, is a Florida Limited Liability Company that operates and conducts business in St. Petersburg, Pinellas County, Florida and is therefore within the jurisdiction of this Court. According to Florida's Division of Corporations, Defendant, Road Traffic, lists its principal place of business as being 7901 4th St N Ste 300 St. Petersburg, FL 33702. Additionally, Defendants operated business in surrounding areas, including but not limited to Hillsborough County.

## General Allegations

8.      Plaintiff was an employee for Defendants from June 2024 to July 2024.

9.      Plaintiff worked for Defendants as an hourly paid employee at a rate of approximately $18.00 per hour.

10.     Plaintiff worked in the position of Flagger.

11.     At all times relevant, Plaintiff was an "employee" of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

12.     At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

13.     At all times material hereto, Defendant, Road Traffic, was, and continues

to be, engaged in business in Florida, doing business in Pinellas County.

14. Defendant, Road Traffic, was and continues to be engaged in business in Florida, doing business in Hillsborough County.

15. At all times material to this cause of action Defendant, Road Traffic, is an enterprise subject to the FLSA.

16. At all times relevant to this action Defendant, Su-Lanza was an individual resident of the State of Florida, who owned and operated Road Traffic Division, LLC and who regularly exercised the authority to: (a) hire and fire employees of Road Traffic Division, LLC; (b) determine the work schedules for the employees of Road Traffic Division, LLC, and (c) control the finances and operations of Road Traffic Division, LLC.

17. By virtue of having regularly exercised that authority on behalf of Road Traffic Division, LLC, Defendant Su-Lanza is and was an employer as defined by 29 U.S.C. § 201, et seq.

18. Further, at all times material hereto, Defendant Su-Lanza was, and continues to be, an owner/manager for Defendant Road Traffic, acting in Defendant Road Traffic's interest in directing the work of the Plaintiff and being directly involved in the allegations of discrimination/unpaid wages as alleged in this Complaint.

19. At all times material hereto, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times relevant, Defendants employed Plaintiff within the meaning of the FLSA.

4

21. During Plaintiff's employment with Defendants, Defendant Road Traffic earned more than $500,000.00 per year in gross sales.

22. Defendant, Road Traffic, employed approximately three (3) employees and paid these employees plus earned a profit from its business.

23. During Plaintiff's employment, Defendant Road Traffic employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, including but not limited to office supplies, fax machines, computers, and other tools/materials used to run the business.

24. Therefore, at all material times relevant to this action Defendant Road Traffic was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## STATEMENT OF FACTS

25. Plaintiff is an African American male.

26. Defendants hired Plaintiff on or around June 2024 in the position of a Flagger, a non-exempt employee, and remained employed in that position until his termination on or around July 2024.

27. From the onset of Plaintiff's employment, the Defendants' Safety Coordinator, Adam Dabrowski, made it known that he did not like African Americans.

28. It was common practice for Mr. Dabrowski and other employees to use the "N-word" when referring to African American employees.

29. Mr. Dabrowski and other employees would frequently refer to Black employees as "lazy."

30. Furthermore, Mr. Dabrowski also stated that he "didn't like Black people," and that he wanted to replace the African American employees with Hispanic workers.

31. On one specific occasion, Plaintiff overheard Mr. Dabrowski tell a fellow African American co-worker, "[l]ook at you, I know your type," a racially derogatory remark reflecting a racial stereotype and discriminatory animus towards African Americans. Plaintiff complained and objected to the above discriminatory treatment and remarks to Defendants and nothing was done in response.

32. During the course of his employment, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

33. To the extent Plaintiff was compensated for his hours, which amounts did not include overtime premiums, Defendants paid Plaintiff on a bi-weekly basis.

34. Throughout his employment, Plaintiff regularly worked hours for which he was not properly paid all wages earned.

35. Defendants failed to pay Plaintiff all wages owed for each hour worked in one or more work weeks.

36. Defendants knowingly, willfully, or with reckless disregard carried out their illegal practice of failing to pay proper wages to Plaintiff, as Defendants knew or, with reasonable diligence, should have known that Plaintiff should be paid at least the minimum wage for all hours worked.

6

37. Further, at all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

38. During his employment with Defendants, Plaintiff routinely worked in excess of forty (40) hours per week.

39. As such, Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a single workweek.

40. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

41. Defendants have violated Title 29 U.S.C. §207 throughout the course of Plaintiff's employment, in that:

a.   Plaintiff worked in excess of forty (40) hours in one or more weeks for the period of his employment with Defendants;

b.   No *good faith* payments, and/or *complete* provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA.

c.   Defendants failed to properly keep proper payroll and timekeeping

records in violation of the FLSA.

42. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

43. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or reasonably should have known, that Plaintiff was owed overtime compensation.

44. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

45. In Late June or Early July 2024, Plaintiff brought forth his complaints to Mr. Dabrowski that he had not been paid for three (3) weeks of work performed.

46. Later that day, Plaintiff received payment via CashApp.

47. Afterwards, Plaintiff, learned that he was removed the work schedule.

48. When Plaintiff attempted to address why he was removed from the schedule, Mr. Dabrowski stated that he should ask Ms. Su-Lanza.

49. When Plaintiff tried to contact Ms. Su-Lanza, she was unresponsive.

50. Plaintiff was never re-added to the schedule after being removed in retaliation for bringing forth his complaints regarding discrimination and unpaid wages/overtime, nor was he provided a reason for his abrupt termination.

51. Plaintiff has retained the undersigned law firm and is obligated to pay them a reasonable fee if successful in this litigation.

52. All conditions precedent to this action have been performed or waived.

## COUNT I
## <u>DISCRIMINATION BASED ON RACE IN VIOLATION OF SECTION 1981</u>

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through fifty-two (52) above as though stated fully herein.

53. Plaintiff is a member of a protected class under Section 1981 due to his race.

54. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his race in violation of Section 1981.

55. At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer lost wages and benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay in lieu of reinstatement and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

    f. Injunctive relief;

g.  Prejudgment interest;

h.  Costs and attorney's fees; and,

i.  Such other relief as the Court may deem just and proper.

## COUNT II
## HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF SECTION 1981

57.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through fifty-two (52) above as though stated fully herein.

58.  Plaintiff is a member of a protected class under Section 1981 due to his race.

59.  Based on the conduct described above, Plaintiff was subjected to a hostile work environment based upon his race.

60.  The above-described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's race.

61.  The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

62.  At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

63.  As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

10

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay in lieu of reinstatement and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Punitive damages;

    f.  Injunctive relief;

    g.  Prejudgment interest;

    h.  Costs and attorney's fees; and,

    i.  Such other relief as the Court may deem just and proper.

**COUNT III**
**RETALIATION**
**IN VIOLATION OF SECTION 1981**

64.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through fifty-two (52) above as though stated fully herein.

65.    Plaintiff is a member of a protected class under Section 1981 because of his race.

66.    Plaintiff suffered constant and severe ridicule from Defendants because of his race.

67.    The constant harassment from Defendants caused Plaintiff severe emotional distress. As a result, Plaintiff complained of the discriminatory treatment he endured.

68. As a result of Plaintiff bringing forth complaints of racial discrimination, he was abruptly terminated in retaliation for engaging in protected activity.

69. Defendants knew of, allowed, and even created the discrimination and harassment that Plaintiff was subjected to.

70. At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

71. As a direct and proximate result of the events above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay in lieu of reinstatement and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees;

h. Punitive Damages; and,

i. Such other relief as the Court may deem just and proper

**COUNT IV - RECOVERY OF OVERTIME COMPENSATION**

12

71.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through fifty-two (52) above as though stated fully herein.

72.     Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

73.     During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

74.     Defendants were aware that Plaintiff performed non-exempt job duties but still refused to pay Plaintiff complete overtime for hours worked over forty (40).

75.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours per work week while Plaintiff was by Defendants.

76.     Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for his work for the Defendants.

77.     Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

78.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

79.     Defendants' conduct was willful and in reckless disregard of the

13

overtime requirements of the FLSA.

80.     As a result of the Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff proper overtime compensation, Plaintiff has suffered damages, lost compensation for time worked over forty (40) hours per week, plus liquated damages and incurring reasonable attorneys' fees and costs.

81.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

82.     Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for unpaid overtime compensation, an additional and equal amount of liquidated damages, if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT V - BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA) 29 U.S.C. § 215(a)(3) - UNLAWFUL RETALIATION

83.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through fifty-two (52) above as though stated fully herein.

84.     Plaintiff engaged in statutory protected activity under the FLSA.

85.      Plaintiff has suffered an adverse action by Defendants. Specifically, Plaintiff has was terminated as a result of bringing forth his complaints regarding his unpaid wages.

86.     If Plaintiff had not exercised his rights under the FLSA, Plaintiff's hours would not have been cut and Plaintiff would still be employed full-time.

87.     Plaintiff was terminated in retaliation for exercising his federally protected rights.

88.     Defendants terminated Plaintiff to penalize Plaintiff for exercising his federally protected rights.

89.     Defendants discriminated against Plaintiff because he exercised his federally protected rights.

WHEREFORE, Plaintiff demands economic damages, liquidated damages, compensatory damages, reasonable attorneys' fees and costs incurred in this action, and all further relief this Court deems to be just and appropriate.

## COUNT VI
## RECOVERY OF UNPAID MINIMUM WAGES (FLORIDA CONSTITUTION)

90. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through fifty-two (52) above as though stated fully herein.

91. Plaintiff is/was entitled to be paid minimum wages for each hour worked during employment with Defendants.

92. Florida's minimum wage rate was $13.00 per hour in 2024 and $14.00 per hour as of September 30, 2025.

93. During his employment with Defendants, Plaintiff was not paid the proper minimum wage for each hour work performed in violation of Article X, Section 24 of the Florida Constitution.

15

94. As a direct and proximate result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff his minimum wages for each hour worked in one or more work weeks, and Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

95. Defendants did not have a good faith basis for their failure to pay Plaintiff minimum wages for each hour worked.

96. Plaintiff is entitled to an award of damages in an amount equal to his unpaid minimum wages and an equal amount as liquidated damages.

97. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## COUNT VII
## UNPAID WAGES

98. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through fifty-two (52) above as though stated fully herein.

99. In or around June 2024, Plaintiff entered into an agreement to which he would work as an employee of Defendant in exchange for bi-weekly compensation.

100. Plaintiff worked numerous hours and weeks for Defendants for which he was not paid.

101. During Plaintiff's employment, Defendants breached their agreement to pay Plaintiff compensation for all hours worked.

102. Plaintiff worked one or more work weeks without pay.

103. Defendants' breach of agreement caused Plaintiff to suffer damages

16

in the form of unpaid wages and other compensatory damages.

104.    Plaintiff is entitled to recover unpaid wages and compensatory damages under Florida common law, and attorneys' fees and costs pursuant to Florida Statute §448.08.

WHEREFORE, Plaintiff demands judgment against Defendants for unpaid wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 7th day of May 2026.

Respectfully submitted,

**/s/ Gregory R. Schmitz**
GREGORY R. SCHMITZ, ESQ.
Fla. Bar No.: 94694
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
Orlando, FL 32802-4979
Tel.: (407) 204-2170
Fax: (407) 563-9986
Email:  gschmitz@forthepeople.com
            mbarreiro@forthepeople.com
            tbolling@forthepeople.com
*Attorneys for Plaintiff*